Courts imposing vicarious liability have based their conclusions upon a principle inconsistent with this court's holdings in *Haroco* and *DiCaro*. Appellant here cites *American Society of Mechanical Engineers v. Hydrolevel Corp.*, 456 U.S. 556, 569, 102 S.Ct. 1935, 1944, 72 L.Ed.2d 330 (1982) (imposing vicarious liability for antitrust violations) for the proposition that the general rules of agency law apply absent Congressional intent to the contrary. Another court has cited *Hydrolevel* in imposing vicarious RICO liability. *Bernstein v. IDT Corp.*, 582 F.Supp. 1079, 1083 (D.Del. 1984). This rule, however, is not applicable to RICO, which does indicate Congressional intent to create an exception to the general rule of *respondeat superior*. *See Haroco*, 747 F.2d at 401–02; *DiCaro*, 772 F.2d at 1319; *Parnes v. Heinold Commodities*, 548 F.Supp. 20, 23–24 (N.D.Ill.1982). In rejecting the argument advanced by appellant, the First Circuit stated, "Indeed, there is unlikely to be a situation, in the absence of an express statement, in which Congress more clearly indicates that *respondeat superior* is contrary to its intent." *Schofield v. First Commodity Corp. of Boston*, 793 F.2d 28, 32 (1st Cir.1986).

Other courts have interpreted § 1962 to rule out vicarious liability in civil RICO actions. The First Circuit followed the *Haroco* analysis of direct liability, concluding that vicarious liability was directly at odds with Congressional intent. *Schofield*, 793 F.2d at 32–33 ("We think it inappropriate to use *respondeat superior* to accomplish indirectly what we have concluded the statute directly denies"). The Eighth Circuit, citing *Schofield*, held that § 1962(c) was intended to foreclose vicarious liability, particularly where the principal is a victim of the agent's activities. *Luthi v. Tonka Corp.*, 815 F.2d 1229, 1230 (8th Cir.1987).

Because the reasoning of this court in *Haroco* indicates that vicarious liability is inappropriate in this context, we follow the First and Eighth Circuits in rejecting the doctrine of *respondeat superior* in civil RICO cases. The district court's dismissal of claims against Walter and grant of summary judgment to Schwartz are affirmed. The order dismissing claims against the defendants named in the third amended complaint is reversed and the claims remanded for further proceedings consistent with this opinion.[6]

**NEWMAN–GREEN, INC.,
Plaintiff–Appellant,**

v.

**Alejandro ALFONZO–LARRAIN R., et al., Defendants–Appellees.**

No. 87–1195.

United States Court of Appeals,
Seventh Circuit.

Feb. 8, 1988.

ORDER

The opinion of the panel, reported at 832 F.2d 417 (1987), is vacated, and the case is

---

argued for modified *respondeat superior* liability, imposed when the corruption is at such a high level that it may be deemed corporate policy to promote or engage in illegal conduct. As the *Schofield* court pointed out, this is an argument for direct rather than vicarious liability. 793 F.2d at 33. In such a situation, the corporation itself would be subject to suit under subsection (a). *See DiCaro*, 772 F.2d at 1319–20; *Haroco*, 747 F.2d at 401. *Parnes* also suggests a distinction between low-level and high-level misconduct, approving liability (under § 1962(a)) only in the latter case. 548 F.Supp. at 24.

**6.** Further district court proceedings presumably will include reconsideration of pendent jurisdiction over the state law claims, which were dismissed without prejudice. *See United Mine Workers v. Gibb*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

set for rehearing *en banc.* The case will be argued at the convenience of the court.

INDEPENDENT COMMUNITY BANK-ERS ASSOCIATION OF SOUTH DAKOTA, INC., Petitioner,

v.

BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent,

Michigan National Corporation, Intervenor.

No. 86–5373.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1987.

Decided Jan. 28, 1988.